IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BEN HADLEY,

    Plaintiff

v.

LYCOS INTERNET LTD. F/K/A YBRANT DIGITAL LTD.

    Defendant

---

### VERIFIED COMPLAINT

---

Plaintiff Ben Hadley, through his counsel, Luke McFarland of Evans & McFarland, LLC, complains against Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ben Hadley ("Hadley") is an individual residing at 4419-A Columbine Drive, Vail, Colorado 81657.

2. Upon information and belief, Defendant Lycos Internet Ltd. f/k/a Ybrant Digital Ltd. ("Ybrant") is a corporation organized and existing under the laws of the Republic of India, with its principal place of business in Hyderabad, India. The original Ybrant Digital Ltd. entity that contracted with Plaintiff subsequently merged with LGS Global Ltd. effective April 1, 2011, with the resulting merged entity retaining the Ybrant Digital Ltd. name. In 2014, Ybrant Digital Ltd. subsequently changed its name to Lycos Internet Ltd.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because Hadley is a citizen of Colorado and Ybrant is a citizen of a foreign state, India.

4. Venue is proper in this Court because Ybrant contracted with Hadley for the performance of services within the jurisdiction of this Court. Ybrant's first contact with Hadley in July 2009 included a Ybrant business address in Vail, Colorado, and many of the meetings with Ybrant officers occurred in Colorado including at the business address of 2121 North Frontage Road, Suite 326, Vail, Colorado 81657, USA. Conference calls with the target and the performance of financial diligence as well as contract negotiations occurred on many occasions in Colorado. Ybrant understood, knew, and appreciated that Hadley would be performing services for the benefit of Ybrant from and within Colorado. Ybrant sent its initial payment under its contract with Hadley to Hadley in Colorado.

## BACKGROUND

5. In July 2009, Ybrant and Hadley signed a "Consulting Services Agreement," wherein Hadley agreed to source corporate business development deals for Ybrant and, in return, Ybrant agreed to pay Hadley a Success Fee of 1% of the total purchase price for such deals. *See* Exhibit 1, Consulting Services Agreement.

6. As a direct result of Hadley's efforts pursuant to the Consulting Services Agreement, Ybrant entered into a transaction to purchase Lycos, Inc. ("Lycos"). Ybrant and Daum Global Holdings ("Daum") entered into a Stock Purchase Agreement ("SPA") dated as of August 15, 2010, which was modified by subsequent amendments. Specifically, Ybrant agreed that it would purchase from Daum all of the shares of Lycos with an initial payment of $20 million, and a future "earnout" payment based on a multiple of 2010 earnings (6 x EBITDA) as determined by an independent accounting firm. Pursuant to the terms of the Consulting Services Agreement, Hadley was to be paid 1% of the total purchase price, including the earnout payment.

7.  The Consulting Services Agreement specified that Hadley would provide various services on the Lycos transaction, "including negotiation, conducting due diligence, managing external vendors such as law firms and completing the definitive agreements." Hadley has performed his obligations with respect to the Lycos transaction, as called for under the Consulting Services Agreement. Ybrant has never alleged or argued that the Consulting Services Agreement is invalid or that Hadley failed to perform thereunder.

8.  Confirming the binding and effective nature of the Consulting Services Agreement and of Hadley's satisfactory performance thereunder, Ybrant paid Hadley a partial payment ($200,000) towards the Success Fee, representing 1% of the initial $20 million payment. Ybrant (through its counsel, David Wrobel), however, maintained that because calculation of the earn-out (and thus, the calculation of the total purchase price) was a disputed subject in arbitration between Ybrant and Daum, the balance of his "Success Fee" could not be paid until the final purchase price was determined. *See* Exhibit 2, March 9, 2015 letter from Hadley's counsel to Ybrant at Exhibit A thereto (email correspondence between the parties' counsel).

9.  Ybrant and Daum commenced arbitration before the International Chamber of Commerce, titled *Daum Global Holdings Corp. v. Ybrant Media Acquisition, Inc.; Ybrant Digital Limited; and LGS Global Limited*. In September 2014, the Arbitration Panel issued its final binding ruling, determining that the total purchase price owed by Ybrant to Daum for the purchase of Lycos was $53.5 million. *See* Exhibit 3, Final Arbitration Award.

10. On March 9, 2015, Hadley made a demand for payment of the remaining "Success Fee" based on the purchase price of $53.5 million. March 9, 2015 letter from Hadley's counsel to Ybrant. Hadley's invoice showed a balance owed of $335,000 (i.e., 1% of $53.5

3

million or $535,000, less the payment of $200,000 already received). *Id* at Exhibit B thereto (invoice).

11. In breach of the Consulting Services Agreement and contrary to Ybrant's assurances that Hadley would be paid once the total purchase price was determined, Ybrant has failed to pay the remaining $335,000 owed to Hadley, and has indeed failed to make any additional payment or to respond to the March 9, 2015 letter in any fashion.

12. As a direct result of the breaches by Defendant, Hadley has been damaged in an amount of $335,000.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

13. By this reference, Plaintiff incorporates all the foregoing allegations.

14. Hadley and Ybrant entered into a valid and binding contract, namely the Consulting Services Agreement, whereby Hadley would perform various services for Ybrant in exchange for payment.

15. Hadley substantially and materially complied with all duties and obligations under the Consulting Services Agreement, except to the extent he has been excused from doing so by Defendant's conduct.

16. Ybrant has materially breached the Consulting Services Agreement by failing to make payment to Hadley as set forth therein.

17. Ybrant's breach has proximately caused damages to Hadley in the amount of $335,000, exclusive of interest or costs.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

18. By this reference, Plaintiff incorporates all the foregoing allegations.

19.     At Hadley's expense, Ybrant received a benefit – namely the benefit of his substantial and valuable services – under circumstances that would make it unjust for it to retain the benefits without paying for them.

20.     As a direct and proximate result of Ybrant's actions, Ybrant has been unjustly enriched.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)

21.     By this reference, Plaintiff incorporates all the foregoing allegations.

22.     Defendant made promises to Plaintiff that it would pay any remaining Success Fee owed upon determination by the arbitration panel of the remaining amount owed to Daum for the purchase of Lycos and that the Success Fee would be calculated based on the arbitration award.

23.     Defendant knew or should have known that Plaintiff would rely on its promises, which Plaintiff did by waiting for resolution of the arbitration and not taking immediate legal action or seeking to negotiate an earlier resolution.

24.     Plaintiff's reliance on Defendant's promises was reasonable.

25.     Plaintiff's reasonable reliance on Defendant's representations caused Plaintiff to incur damages.

26.     Defendant's promises must be enforced to prevent injustice.

## PRAYER FOR RELIEF

Plaintiff Hadley prays that he be granted judgment against Ybrant as follows:

1.     An award of compensatory damages of $335,000;

2.     An award of costs;

3.     An award of pre- and post-judgment interest; and

4.     Such other relief as the Court deems just and proper.

DATED this 4th day of August, 2015.

                              Respectfully submitted,

                              EVANS & MCFARLAND, LLC

                              By: s/ Luke McFarland
                                  Luke McFarland
                                  Evans & McFarland, LLC
                                  910 13th St., #200
                                  Golden, CO 80401
                                  Telephone: 303.279.8300 x 3
                                  Facsimile: 303.277.1620
                                  Email: lmcfarland@emlawyers.com

                              ATTORNEYS FOR PLAINTIFF

## VERIFICATION

I hereby confirm that I have read the foregoing Verified Complaint, and know the contents thereof. The allegations herein are true and correct to the best of my knowledge. For those matters stated on information and belief, I believe them to be true. I declare under penalty of perjury under the laws of Colorado and the United States of America that the foregoing is true and correct.

Executed at Vail, Colorado on August 3, 2015.

_____
Ben Hadley